UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEMAL A. CHEATHAM,
    Plaintiff,

v.

CHAD WOLF, *et al.*,
    Defendants.

Civil Action No. 18-03026 (CKK)

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se* and *in forma pauperis* ("IFP"), is a resident of Ruther Glenn, Virginia. He sues the Department of Homeland Security ("DHS") and the Acting Secretary of DHS.[1] *See* Complaint ("Compl."), ECF No. 1 at caption. The Complaint is far from a model in clarity, but it appears that Plaintiff is suing DHS, more specifically, DHS subsidiary agency, Federal Emergency Management Agency ("FEMA"), for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16. *See* Compl. at 1–2; Pl.'s Opp. at 2–3, 12–16. Before the Court is Defendants' Motion to Dismiss, ECF No. 11, and Memorandum in Support ("Def's Mem."), ECF No. 11-1. The Court shall deny Defendants' Motion to Dismiss WITHOUT PREJUDICE and shall allow Plaintiff leave to amend the Complaint.

    **I.**    **BACKGROUND**

Plaintiff filed this matter on December 3, 2018. Summonses were issued on February 6, 2019, and the United States Attorney for the District of Columbia was served, *see* Fed. R. Civ. P.

---

[1] Plaintiff first sued then-Acting DHS Secretary, Kirstjen M. Nielsen, *see* Compl. at caption, and then later substituted then-Acting DHS Secretary, Kevin K. McAleenan, *see* Opposition to Motion to Dismiss ("Pl.'s Opp."), ECF No. 13, at caption, 1 n.1. The current Acting Secretary of the DHS is Chad Wolf, and he is automatically substituted as Defendant in his official capacity for his predecessor pursuant to Fed. R. Civ. P. 25(d).

1

12(a)(2), on March 20, 2019. *See* Return of Service Affidavit, ECF No. 6. Plaintiff moved for default, *see* Affidavit for Default, ECF No. 7, and the Clerk of Court entered default against Defendants on April 18, 2019. *See* Clerk's Entry of Default, ECF No. 8. However the entry of default was vacated on May 7, 2019, because the deadline to file an answer had not yet elapsed, *see* May 5, 2019 Min. Ord. Additionally, DHS had not yet been served. *See* Fed. R. Civ. P. 4(i)(1), (2).

In the interim, on May 20, 2019, Defendants filed the pending Motion to Dismiss. Plaintiff filed an Opposition on May 28, 2019, to which Defendants filed a Reply ("Def.'s Rep."), ECF No. 14, on June 10, 2019. On July 19, 2019, the Acting DHS Director was served with process. *See* Return of Service Affidavit, ECF No. 15. The Clerk of the Court reissued summonses, *see* ECF No. 16, for the Department of Homeland Security on August 13, 2019. DHS was then served on September 20, 2019. *See* Return of Service Affidavit, ECF No. 17.

## II.  LEGAL STANDARDS & DISCUSSION

Defendants move to dismiss pursuant to Federal Rules 4(m), 12(b)(1), and 12(b)(6). *See* Def.'s Mem. at 2–4. In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), a court must "treat a complaint's factual allegations as true . . . and must grant a plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Where a plaintiff is proceeding *pro se*, the Court must consider all of plaintiff's filings *in toto* when assessing a motion to dismiss. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

### Service of Process

First, Defendants move to dismiss based on Plaintiff's purported failure to comply with Fed. R. Civ. P. 4(m). Def.'s Mem. at 2. A party may move under Federal Rule of Civil Procedure 12(b)(5) to dismiss a complaint for insufficiency of service of process. "Upon such a motion, the plaintiff carries the burden of establishing that [she] has properly effected service" as is required under Rule 4. *See Koerner v. United States*, 246 F.R.D. 45, 46 (D.D.C. 2007) (internal quotations and citation omitted). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. Dist. of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). Rule 4(m) requires that service of summons and the complaint be made upon the defendant "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). However, courts "must extend the time for an appropriate period" if the plaintiff shows good cause for failure to effect timely service. *See id*."

Defendants argue that Plaintiff failed to serve DHS within 90 days in accordance with Federal Rule of Civil Procedure and that he has failed to proffer any reason constituting good cause for the delay. Def.'s Mem. at 2; Def.'s Rep. at 1–3. Plaintiff states that he was unsure of how to perfect service on the agency. Pl.'s Opp. at 1.

The Court finds good cause for the delay. Because Plaintiff is proceeding IFP, the Court officers are responsible for effecting service of process based on information that he provides. *See* 28 U.S.C. § 1915(d). While Plaintiff still maintains the burden of establishing the validity of service and must demonstrate that the procedure satisfied the requirements of Rule 4, *see Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987), the actual service of process is to be performed by the United States Marshals Service, *see* 28 U.S.C. § 1915(d). Generally, *pro se* plaintiffs who depend on Court officers for executing service should not be penalized for a Court officer's failure to effect

service of process. *Ray v. Experian, Inc.*, No. 08–0114 (RCL), 2009 WL 1255114 at *1 (D.D.C. Apr. 28, 2009)*; see Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1060 (D.C. Cir. 1988) (MacKinnon, J. concurring) (finding that service mistakes were not committed by *pro se* plaintiff and that he was "entitled and required to rely on the Marshal to serve the defendant or the United States Attorney within the statutory time period."); *Thomas v. Fed. Aviation Admin.*, No. 05–2391, 2007 WL 219988, at *4 (D.D.C. Jan. 25, 2007) (finding "good cause" for the delay in service of process on named defendants where, due to Clerk's Office error and "[t]hrough no fault of Plaintiff's," the summonses and complaints were not timely served).

For all of these reasons, and because all Defendants have since been served, and Defendants have not offered any argument to suggest that they were prejudiced by this delay, the Court declines to dismiss this matter pursuant to Fed. Rs. Civ. P. 4(m) and 12(b)(5).

### Subject Matter Jurisdiction

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F. 3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Further, a court is required to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting. *See* Fed. R. Civ. P. 12(h)(3).

When reviewing a challenge pursuant to Rule 12(b)(1), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. *See Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) (holding same); *see also Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction.")." By considering documents outside the pleadings when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court does not convert the motion into one for summary judgment; "the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment" when documents extraneous to the pleadings are considered by a court. *Haase*, 835 F.2d at 905.

Defendants state correctly that the United States and its agencies are entitled to sovereign immunity, except to the extent that they expressly consent to suit. *See* Def.'s Mem. at 3–4; *United States v. Mitchell,* 445 U.S. 535, 538 (1980) (citation omitted). Additionally, a lawsuit against a government official in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent," such that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citations omitted); *see also Clark v. Library of Congress*, 750 F.2d 89, 103, 104, n.31 (D.C. Cir. 1984) (holding that express waiver is required, regardless of whether such actions are brought against a government agency directly or against the officials in their official capacity). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996)

5

(citations omitted). Plaintiff has not established that DHS or its officers have expressly consented to damages suit.

Therefore, to the extent that Plaintiff intends to raise any constitutional tort claims, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994), his demand for money damages against DHS and its officials (named in their official capacity) for any alleged constitutional violation(s) must fail. *See, e.g., Roman v. Nat'l Reconnaissance Office*, 952 F. Supp. 2d 159, 163–64 (D.D.C. 2013). However, Plaintiff seems to clarify, through his Opposition, that he is not alleging any constitutional tort claims; he solely discusses allegations of gender/sex discrimination and retaliation pursuant to Title VII. *See* Pl.'s Opp. at 2–3, 12–16. For this reason, Defendants' sovereign immunity argument is now moot.

The Court agrees with Defendants that Plaintiff has incorrectly sued DHS itself in bringing his claims for discrimination. Def.'s Mem. at 4 n.4; Def.'s Rep. at 3. Title VII is the exclusive remedy available to a federal employee seeking redress of employment discrimination, *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976); *Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983), *cert. denied*, 464 U.S. 1042 (1984), and the head of the agency is the only proper defendant in a Title VII action, 42 U.S.C. § 2000e–16(c) (1982); *Davis v. Califano*, 613 F.2d 957, 958 n.1 (D.C. Cir. 1980). Nonetheless, this appears to be an innocuous error and is easily cured "simply by naming" the current Acting DHS Secretary as the only party defendant, *Jarrell v. U.S. Postal Service*, 753 F.2d 1088, 1091 (D.C. Cir. 1985), and this particular type of amendment "shall be freely given when justice so requires," *id.* (remanding matter to trial court and allowing *pro se* plaintiff to amend his complaint to substitute the Postmaster General for the Postal Service as party defendant) (citing Fed. R. Civ. P. 15(a)). Therefore, the Court does not find dismissal for want of subject matter jurisdiction appropriate at this time.

Failure to State a Claim

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal,* the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.,* quoting *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Additionally, when a plaintiff is proceeding IFP, the court is mandated to dismiss a complaint which fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); *see also Baker v. Director, U.S. Parole Com'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a *sua sponte* dismissal is appropriate for failure to state a claim pursuant to Fed. R Civ. P. 12(b)(6)).

In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint and matters about which the Court may take judicial notice."

*Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 (D.C. Cir. 1997)).

Defendants argue that Plaintiff's Complaint is insufficient pursuant to Fed. R. Civ. P. 8(a). Def.'s Mem. at 3. They further contend that the vagaries of the Complaint are compounded by the fact that Plaintiff "raised numerous allegations at the administrative level, some of which were accepted by the agency and some which were not[,]" *id.* at 1 n.2, but plaintiff fails to specify "whether he intends to pursue all of the claims that were investigated and resolved against him without a hearing at the administrative level[,]" *id.* at 1. Due to ambiguous nature of the Complaint, Defendants attest that they are "left unable to identify the nature of his claims[,] . . . whether Plaintiff has timely exhausted the administrative remedies that are a prerequisite to bringing a federal action, and whether Plaintiff can present factual allegations that would support a claim for relief." *Id.* at 1–2.

The Court agrees that Plaintiff's Complaint falls short. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell*, 656 F. Supp. at 239. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Iqbal*, 556 U.S. at 678-79; *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Complaint, as pled, merely states that Plaintiff "is seeking to file a civil action . . . in this Court[,]" but fails to identify any legal authority upon which he intends to rely. The complaint

affords some measure of factual information, however, that information is scattered with very little context or detail, and ranges from indefinite references to Plaintiff's Equal Employment Opportunity Commission ("EEOC") administrative pursuits, *see* Compl. ¶ 1, to alleged sexual harassment he suffered, *see id.*, to other unspecified alleged "inconsistencies and mistruths" on the part of DHS and the EEOC, *see id.* at 2. He hints at allegations of employment discrimination, *see* Compl. at 1–2, but he then fails to specify any intended cause of action. The Complaint is also devoid of facts, identities, locations, or other information essential to maintaining claims before the Court. It is also lacking the substance that would provide adequate notice to Defendants in preparing to defend this case.

Plaintiff, however, provides certain clarity by way of his Opposition. In contrast to the Complaint, the Opposition presents a generous amount of facts and aptly specifies his intention to bring claims for gender/sex discrimination and retaliation pursuant to Title VII. *See* Pl.'s Opp. at 2–9, 12–16, 18, 20–1, 25, 28, 30–2. He alleges that he suffered gender/sex discrimination and harassment during the time he worked for FEMA. *See id.* at 2–5, 12–15, 17–21. As a result, he filed complaints with the EEO, and then allegedly suffered retaliation due to this activity. *See id.* at 3, 5, 15–16, 21–5, 31. He alleges that he was unfairly removed from his position and then intentionally prevented from obtaining other employment. *See id.* at 2–3. He also alleges that the was unfairly accused of theft after his termination. *See id.* at 3. These additional and vastly improved allegations in the Opposition assist the Court and Defendants in discerning Plaintiff's intended claims.

In order to survive a motion to dismiss, a plaintiff generally may not amend his complaint nor assert new claims by way of a brief in opposition. *Kingman Park Civic Assoc. v. Gray*, 27 F. Supp. 3d 142, 162 n.10 (D.D.C. 2014); *Perkins v. Vance-Cooks*, 886 F. Supp. 2d 22, 29 n.5 (D.D.C.

2012); *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n.3 (D.D.C. 2010); *College Sports Council v. Gov't Accountability Office*, 421 F. Supp. 2d 59, 71 n.16 (D.D.C. 2006). Notwithstanding, courts have, at times, accepted a *pro se* litigant's motion to dismiss opposition as a *de facto* amended complaint. *See Richardson*, 193 F.3d at 549.

Here, however, while the Court finds Plaintiff's Opposition illuminating regarding his intended claims, it still finds that a formal amended complaint is required. Where Plaintiff's Complaint is wanting for information and detail, the Opposition is, by contrast, lengthy and digressive, and Plaintiff must find a happy medium. For instance, the Opposition references a "Claim 1" and "Claims 1-5[,]" Pl.'s Opp. at 25, 27, but those references to claims are unclear, and the intended causes of action and facts are confusingly amalgamated. Also, at times Plaintiff focuses heavily on summary judgment standards, arguments, and issues, *see id*. at 10–12, 29–32, 34–9, but no party has moved for summary judgment and thus, it is not before the Court. "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Pursuant to Federal Rules of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed. R. Civ.P. 15(a)(2); *see also Graves v. United States*, 961 F. Supp. 314, 317 (D.D.C. 1997) (noting that the decision whether to allow leave to amend is within the court's discretion); *Davis v. Liberty Mut. Ins. Co.,* 871 F. 2d 1134, 1136-37 (D.C. Cir. 1989) (stating that "[i]t is common ground that Rule 15 embodies a generally favorable policy toward amendments."). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," a court

should allow amendment of a complaint. *Atchinson v. District of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996) (internal quotation marks and citations omitted).

Here, reviewing all of Plaintiff's filings and holding them to a less stringent standard than those drafted by a lawyer, *see Richardson*, 193 F.3d at 548, the Court finds that he should be provided an opportunity to amend his Complaint. *See Gonzalez v. Holder*, 763 F. Supp. 2d 145, 149 n.1 (D.D.C. 2011) (proposing that plaintiff, proceeding *pro se* and IFP, who raised new claims in his opposition to motion to dismiss, should consider filing an amended complaint) (citing *Carter v. Dep't of the Navy*, No. 05–cv–0775 (RBW), 2006 WL 2471520 at *4 (D.D.C. Aug. 24, 2006) (dismissing without prejudice new claims raised in plaintiff's opposition to defendant's motion to dismiss with leave to amend the complaint), *aff'd*, 258 Fed. Appx. 342 (D.C. Cir. 2007) (per curiam).

For these reasons, Plaintiff shall file an amended complaint "to assert with greater clarity" his Title VII discrimination and retaliation claims, which materialized more fully during motions briefing. *Carter*, 2006 WL 2471520 at *6 (limiting the claims in the impending amended to complaint to those newly raised in opposition to motion to dismiss) (citing *Wyatt v. Syrian Arab Republic*, 362 F. Supp. 2d 103, 117 (D.D.C. 2005) (allowing plaintiffs to specifically and limitedly amend their complaint based on allegations in their opposition, but not allowing any other modifications of the complaint).

## IV. CONCLUSION

For all of these reasons, the Court denies Defendants' Motion to Dismiss WITHOUT PREJUDICE and shall allow Plaintiff to file, by April 6, 2020, an amended complaint in compliance with the Federal Rules of Civil Procedure and District of Columbia Local Civil Rules. In this regard and where applicable, he must specify by number, the EEOC decisions related to his

intended claims.  He must also name the proper defendant, *see* 42 U.S.C. § 2000e–16(c), namely, the current Acting DHS Secretary, and remove all improper defendants.  A separate Order with additional detail accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date:   March 4, 2020